IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-40052-TJM |
| | ) | |
| KEVIN L. LOCKHART, a/k/a Lockhart | ) | CH. 7 |
| Homes, Inc., a/k/a Lockhart Homes | ) | |
| Center, and SANDRA S. LOCKHART, | ) | |
| | ) | |
| Debtor(s) | ) | |

ORDER

      Hearing was held in Lincoln, Nebraska, on November 5, 2008, regarding Filing No. 61, Motion to Reopen Chapter 7 Case, filed by the debtors, and Filing No. 64, Objection to Motion to Reopen Chapter 7 Case, filed by Andrew McFaul. Galen Stehlik appeared for the debtors and Julianne Spatz appeared for Andrew McFaul.

      The debtors filed this Chapter 7 case on January 12, 2007. They received a discharge on April 19, 2007. On their schedules, they listed Andrew McFaul as a creditor with a claim of $19,000.00. They listed Mr. McFaul's address in the state of Colorado. However, although the schedules listed Mr. McFaul, his name did not appear on the creditor matrix and he received no notice of the bankruptcy or any of the activities in the bankruptcy case.

      In 2008, Mr. McFaul filed a lawsuit for breach of contract and fraud in the District Court of York County, Nebraska, against Mr. Lockhart. In answer to the complaint, Mr. Lockhart claimed the bankruptcy discharge as an affirmative defense.

      After limited discovery, counsel for Mr. Lockhart in the bankruptcy case discovered that Mr. McFaul's name did not make it onto the creditor matrix, apparently due to a problem with the bankruptcy software used in his office. On Mr. Lockhart's behalf, counsel has moved to reopen the bankruptcy case to permit Mr. McFaul to litigate the dischargeability of his claim in the bankruptcy court. Mr. McFaul has objected because he believes the discharge Mr. Lockhart received does not apply to him. He cites 11 U.S.C. § 523(a)(3)(B). That section provides that a debt not listed in time to permit the timely filing of a proof of claim and a timely request for a determination of dischargeability is not discharged unless the creditor had notice or actual knowledge of the case in time for such timely filing and request.

      This was an asset case. The assets have been administered, liquidated and distributed. It is now far beyond the time that Mr. McFaul could file a claim, and an adversary proceeding to determine the dischargeability of the debt had to have been brought within sixty days of the first meeting of creditors. See Federal Rule of Bankruptcy Procedure 4007(c). Reopening the case does not revive the deadline for filing a claim or for filing an adversary proceeding to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(2)(A) for false pretenses, a false representation, or actual fraud.

      THEREFORE, IT IS ORDERED that Filing No. 61, Motion to Reopen Chapter 7 Case, is denied.

                                                        BY THE COURT:

                                                       /s/ Timothy J. Mahoney
                                                       United States Bankruptcy Judge

Notice given by the Court to:
 *Galen Stehlik
 Julianne Spatz
 U.S. Trustee

Movant (*) is responsible for giving notice of this order to other parties if required by rule or statute.